ALI ABUGHEIDA (STATE BAR NO. 285284)
aabugheida@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
The Orrick Building
405 Howard Street
San Francisco, CA 94105-2669
Telephone: +1 415 773 5700
Facsimile: +1 415 773 5759

Attorney for Defendant
NVIDIA Corporation

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

STACY PENNING, an individual, on behalf of himself, the general public, and those similarly situated,

Plaintiff,

v.

NVIDIA CORPORATION,

Defendant.

Case No. 5:25-CV-09160-SVK

**NVIDIA CORPORATION'S ADMINISTRATIVE MOTION TO STAY DISCOVERY AND RELATED DEADLINES PENDING RESOLUTION OF MOTION TO COMPEL ARBITRATION AND MOTION TO DISMISS**

[Civil Local Rule 7-11]

Judge: Hon. Susan van Keulen

Complaint Filed: October 24, 2025

Plaintiff Stacy Penning ("Plaintiff") alleges that NVIDIA Corporation ("NVIDIA") collected certain data about his browsing activity on www.nvidia.com. Plaintiff's claims are subject to arbitration. In addition, his claims are without merit and subject to dismissal. Accordingly, NVIDIA respectfully requests that, pursuant to L.R. 7-11, the Court stay discovery pending a ruling on NVIDIA's motion to compel arbitration and, if necessary, its motion to dismiss the Complaint ("NVIDIA's Motions," ECF 14, 15).[1] Good cause exists to stay discovery, including the Initial Case Management Conference ("Initial CMC") and related Rule 26(f) conference, initial disclosures, and case management statement deadlines, until NVIDIA's Motions are resolved.

First, NVIDIA's Motions raise dispositive arguments that could result in sending this case to arbitration, divesting this Court of jurisdiction for lack of standing, and dismissal of all claims for failure to state a claim. Second, discovery is not required for the Court to rule on NVIDIA's Motions. NVIDIA's motion to compel arbitration is based on pleadings in the Complaint and declarations submitted in motion practice. NVIDIA's motion to dismiss is similarly limited to the facts as pleaded in the Complaint. Finally, the benefits of a stay outweigh any potential prejudice to Plaintiff. This case is in its infancy, and the parties are yet to serve discovery. A brief stay will conserve party and judicial resources until the Court rules on NVIDIA's Motions.

## I. <u>BACKGROUND</u>

NVIDIA is a technology company that specializes in designing graphics processing units, AI systems, and software platform solutions. Compl. ¶ 22. NVIDIA runs a website, www.nvidia.com (the "Website"), which visitors can use to learn more about NVIDIA's products. *Id.* ¶ 133. On October 21, 2025, Plaintiff sued NVIDIA, alleging invasion of privacy, intrusion upon seclusion, California Invasion of Privacy Act violations, common law fraud, deceit and/or misrepresentation, and unjust enrichment. *Id.* Plaintiff's Complaint alleges that his cookie opt-outs were not effective when he visited the Website, which allowed third parties to access information about his activities on the Website. *Id.* ¶ 135. The Court has scheduled the Initial CMC on February 10, 2026, setting

[1] Courts in this district grant administrative motions to stay discovery and CMC-related deadlines. *See, e.g.*, *Int'l Tech .Univ. Found. v. WASC Senior College*, No. 5:22-cv-4576, ECF 55 (N.D. Cal. Jan. 22, 2023) (granting Rule 7-11 motion to stay discovery pending motion to dismiss); *Afedo v. Google LLC*, No. 5:25-cv-1884, ECF 40 (N.D. Cal. May 15, 2025) (granting Rule 6-3 motion to stay initial CMC-related deadlines pending motion to dismiss).

the Rule 26(f) conference deadline on January 20, 2026, and the initial disclosures and case management statement deadline on February 3, 2026. ECF 7. On January 16, 2026, NVIDIA filed a motion to compel arbitration (ECF 14) as well as a motion to dismiss for lack of standing and failure to state a claim (ECF 15). Briefing for NVIDIA's Motions will be concluded on March 6, 2026, and the hearing is set on March 24, 2026.

Prior to filing, NVIDIA asked Plaintiff whether he intended to seek discovery related to NVIDIA's Motions on multiple occasions. Declaration of Ali Abugheida ("Abugheida Decl.") at ¶¶ 2-6. In November 2025, NVIDIA and Plaintiff met and conferred about a briefing schedule for NVIDIA's Motions and, relatedly, the possibility of early formal discovery in connection with NVIDIA's motion to compel arbitration. NVIDIA proposed the parties either proceed with motion practice without engaging in formal discovery, or alternatively agree to a formal discovery process regarding the limited issue of arbitration agreement formation. *Id.* at ¶¶ 2-4. Plaintiff declined to engage in formal discovery. *Id.* at ¶ 4. Accordingly, NVIDIA prepared its Motions. In late December 2025, NVIDIA proposed a stay of discovery given its anticipated motions that could dispose of the case. *Id.* at ¶ 6. Plaintiff declined. On January 23, 2026, Plaintiff again declined to stipulate to a stay. *Id*. at ¶ 9. As of the filing of this motion, neither party has served any discovery requests. *Id.* at ¶ 10. This motion is the first extension request of the Initial CMC in this case, and the parties have yet to have a Rule 26(f) conference. *Id.* at ¶ 13.

## II. <u>ARGUMENT</u>

A district court has "wide discretion in controlling discovery" under Rule 26(c) and "may, for good cause, issue an order to protect a party or person from . . . undue burden or expense," including by staying discovery. *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988); *Leyva v. Certified Grocers of Cal. Ltd.*, 593 F.2d 857, 863 (9th Cir. 1979) (trial court has power to stay an action before it if "efficient for its own docket and the fairest course for the parties").

### A. <u>Discovery Should Be Stayed Because NVIDIA's Pending Motions Are Potentially Dispositive of the Case and Can Be Resolved Without Discovery.</u>

This Court should stay all discovery in this case until NVIDIA's motion to compel arbitration and then, if necessary, its motion to dismiss are decided. Courts in this district apply a "two pronged analysis" to determine whether to stay discovery pending the resolution of a motion. *Pac. Lumber*

*Co. v. Nat'l Union Fire Ins. Co. of Pittsburgh, PA*, 220 F.R.D. 349, 351-52 (N.D. Cal. 2003) (staying discovery); *Kincheloe v. American Airlines, Inc.*, 2021 WL 5847884, at *2 (N.D. Cal. Dec. 9, 2021) (following *Pac. Lumber* test). First, a pending motion must be potentially dispositive of the entire case. *Kincheloe*, 2021 WL 5847884, at *2. Second, the court must determine whether the pending motion can be decided absent discovery. *Id.* "If the Court answers these two questions in the affirmative, a protective order may issue." *Id*. at 1. In applying this two-pronged analysis, the court may take a "preliminary peek" at the merits of the pending dispositive motion to assess whether a stay is warranted. *Id*. at *3; *Big Sky Civil Tr. v. Oath Holdings, Inc.*, No. 20-cv-07535-SVK, ECF 26 (N.D. Cal. Jan. 26, 2021) (van Keulen, J.) (staying discovery pending resolution of forthcoming motion to dismiss).

Here, a stay of discovery is appropriate because NVIDIA's Motions are potentially dispositive of this litigation and do not require discovery. First, it is well established that a motion to compel arbitration and a motion to dismiss for lack of standing and failure to state a claim may be case dispositive and warrant stay of discovery. *Olson v. World Fin. Grp. Ins. Agency, LLC*, 2025 WL 2243646, at *1 (N.D. Cal. Aug. 6, 2025) (granting stay pending motion to dismiss, stay, or compel arbitration); *Zuniga v. ExperianInfo. Sols., Inc.*, 2024 WL 4818825, at *1 (E.D. Cal. Nov. 18, 2024) (staying discovery pending resolution of motion to compel arbitration); *Leonard v. CVS Pharmacy, Inc.*, 2025 WL 1266929, at *2 (N.D. Cal. May 1, 2025) (granting motion to stay discovery until after ruling on motion to dismiss for, *inter alia*, standing and failure to state a claim); *PC Drivers Headquarters, LP v. Malwarebytes Inc.*, No. 5:18-cv-05409-EJD, ECF 59 at 2 (N.D. Cal. Oct. 4, 2018) (same for rule 12(b)(6) motion). "If the Court grants" either of NVIDIA's Motions in its entirety, "it will dispose of all claims." *Leonard*, 2025 WL 1266929, at *2. This is sufficient to meet the first factor." *Id.*

Second, when Plaintiff declined NVIDIA's invitation to participate in discovery on the issue of arbitration agreement formation, he conceded that no discovery is required to resolve NVIDIA's Motions. "Courts routinely exercise th[eir] discretion to grant stays pending resolution of a motion to compel arbitration because if that motion is granted, the arbitrator will have the authority to determine the nature and scope of discovery." *Olson*, 2025 WL 2243646, at *1 (staying discovery

pending resolution of motion to compel arbitration); *Mahamedi IP Law, LLP v. Paradice & Li, LLP*, 2017 WL 2727874, at *1 (N.D. Cal. Feb. 14, 2017) (collecting cases staying discovery pending motions to compel arbitration).

As established in NVIDIA's motion to compel arbitration, the screenshots that Plaintiff included in the Complaint show that he visited the Website on or after February 27, 2025. ECF 14 at 1. This means that Plaintiff interacted with a version of the Website's persistent cookie banner that required him to accept the Website's Terms of Service. And those Terms of Service include an arbitration provision, requiring all claims relating to Plaintiff's interaction with the Website to be arbitrated. *Id.* The Court can decide Plaintiff's motion without discovery, and "a short stay of the initial scheduling obligations and discovery pending the determination of the motion to compel arbitration is therefore prudent." *Stiener v. Apple Comput., Inc.*, 2007 WL 4219388, at *1 (N.D. Cal. Nov. 29, 2007). Doing so aligns with well-settled federal law that recognize plaintiffs first "must have a basis in fact and law for filing a lawsuit" and "cannot file and then conduct discovery to see if there are facts that support [their] claim[s]." *Cholakyan v. Mercedes-Benz USA, LLC*, 2012 WL 12861143, at *24, n.151 (C.D. Cal. Jan. 12, 2012). As explained in NVIDIA's motion to compel arbitration, if the Court finds that the allegations in the Complaint are not sufficient for the purpose of deciding that motion, discovery should be allowed at that time and be limited to the formation of the arbitration agreement. ECF 14 at 11-12.

Similarly, NVIDIA's motion to dismiss for lack of standing and failure to state a claim does not require discovery because it does not "raise factual issues." *Jarvis v. Regan*, 833 F.2d 149, 155 (9th Cir. 1987); *PC Drivers Headquarters, LP*, 5:18-cv-05409-EJD, ECF 59 at 2 ("[T]here can be no dispute that a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), which is generally limited to the face of the pleadings and information subject to judicial notice, can be decided without additional discovery."). Indeed, "the purpose of [Federal Rule of Civil Procedure] 12(b)(6) is to enable defendants to challenge the legal sufficiency of complaints without subjecting themselves to discovery." *Rutman Wine Co. v. E. & J. Gallo Winery*, 829 F.2d 729, 738 (9th Cir. 1987) (affirming denial of discovery pending resolution of motion to dismiss). Here, NVIDIA's

motion to dismiss raises case dispositive arguments for lack of standing and failure to state a claim that can be resolved on the face of the Complaint and requires no discovery.

**B. <u>Unlike Plaintiff, NVIDIA Will Be Prejudiced If Discovery Is Not Stayed.</u>**

In addition to the two-pronged test, courts in this district consider potential prejudice to the parties and whether a discovery stay will promote efficiency or conserve the parties' resources. *Olson*, 2025 WL 2243646, at *1 (staying discovery where the court "is not persuaded that a stay would significantly prejudice" the nonmoving party); *Kincheloe*, 2021 WL 5847884, at *2 ("[E]ngaging in discovery prior to adjudication of a strong motion to dismiss would represent a potential 'waste of resources.'"). Here, there is no indication that a temporary stay pending a determination of NVIDIA's Motions will prejudice Plaintiff. This case is in its infancy, no discovery requests have been served, no trial date has been set, and Plaintiff declined NVIDIA's offer to engage in limited discovery on arbitration agreement formation. Abugheida Decl. ¶ 10. These are classic circumstances warranting stay of discovery. *Sunshine Enclosures LLC v. Final Bell Corp.*, 2024 WL 4557889, at *3 (N.D. Cal. Oct. 18, 2024) (granting discovery stay where fact discovery had not begun, and trial date had not been set).

Without a stay, NVIDIA will be prejudiced by being forced to prematurely engage in unnecessary discovery in a forum that does not have jurisdiction. NVIDIA expects that Plaintiff's discovery demands will be broad and burdensome. Such prejudice to NVIDIA warrants a stay to protect NVIDIA from unnecessarily depleting its resources on case management and discovery in this Court, particularly if the matter is compelled to arbitration. *Olson*, 2025 WL 2243646, at *1 ("A short stay often will serve the parties' interests in conserving resources and the court's interest in securing just, speedy, and inexpensive resolutions of cases before it."). Accordingly, all factors favor a discovery stay pending resolution of NVIDIA's Motions.

## III. <u>CONCLUSION</u>

For the reasons stated above, NVIDIA respectfully requests that the Court stay discovery, including the Initial CMC and all related deadlines, pending resolution of NVIDIA's Motions.

Dated: January 23, 2026

Respectfully submitted,

**ORRICK, HERRINGTON & SUTCLIFFE LLP**

By: */s/ Ali Abugheida*

ALI ABUGHEIDA (SBN 285284)
aabugheida@orrick.com

The Orrick Building
405 Howard Street
San Francisco, CA 94105-2669
Telephone: +1 415 773 5700
Facsimile: +1 415 773 5759

*Attorney for Defendant NVIDIA Corporation*