**GUTRIDE SAFIER LLP**
Seth A. Safier (State Bar No. 197427)
seth@gutridesafier.com
Marie A. McCrary (State Bar No. 262670)
marie@gutridesafier.com
Todd Kennedy (State Bar No. 250267)
todd@gutridesafier.com
Rajiv V. Thairani (State Bar No. 344390)
rajiv@gutridesafier.com
100 Pine Street, Suite 1250
San Francisco, CA 94111
Telephone: (415) 639-9090
Facsimile: (415) 449-6469

*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT FOR THE

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STACY PENNING, an individual, on behalf of herself, the general public, and those similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>NVIDIA CORPORATION,<br><br>Defendant. | Case No. 5:25-cv-09160-SVK<br><br>PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO STAY DISCOVERY<br><br>Hon. Susan van Keulen<br><br>Complaint Filed: Oct. 24, 2025 |

## I. INTRODUCTION

Defendant's administrative motion to stay all discovery is an improper, cynical attempt to delay the litigation on the merits in the hope of depriving Plaintiff of the ability to prove her claims by allowing critical data (possessed by Defendant and third parties) to be destroyed while a meritless motion is considered, rejected and then appealed.

First, as Plaintiff's counsel informed Defendant's counsel *before* it rushed to file its administrative motion, it was improper to file a formal motion instead of attempting to resolve the dispute in good faith and then presenting any remaining dispute in the parties' case management statement and/or in a joint dispute letter under the Court's standing order. *See In re PersonalWeb Techs., LLC*, No. 18-md-02834-BLF, 2023 U.S. Dist. LEXIS 87274, at *20 (N.D. Cal. Mar. 16, 2023) (van Keulen, J.) (holding that an administrative motion is an inappropriate vehicle for seeking relief from a protective order and cautioning the parties "that they must ensure that future filings comply with . . . this Court's standing orders"). This is especially true here, where Plaintiff does *not* intend to demand that Defendant immediately provide full discovery on the merits. Rather, Plaintiff is seeking to: discuss Defendant's cookie banner and preservation obligations; serve discovery on Defendant (so that its preservation obligations are clear); and then proceed initially with those aspects of third-party discovery relevant to preserving data and information establishing that Defendant (and third parties) tracked consumers and accessed, intercepted, collected, shared, and used consumers' communications after expressly promising they would not. Much of the core evidence in this matter consists of data (such as cookie logs, consent-management records, server logs, and records of data transmissions to third parties) that are often retained only for limited periods in the normal course of business. Defendant and third parties must ensure that relevant systems and custodians are identified and responsive data is preserved or collected promptly, so that key evidence is not lost or degraded. Rather than make a good faith effort to reach agreement on these matters, Defendant rushed to file an administrative motion to block *all* discovery. Defendant's premature, improper, and overbroad motion casts doubt on its intention to satisfy its basic discovery obligations, and would obstruct Plaintiff's efforts to ensure third party data is preserved and collected.

Second, Defendant's motion to compel arbitration does not support Defendant's request for a stay. Plaintiff alleges, plainly and repeatedly, that Defendant's website terms were unenforceable browsewrap.

In an attempt to avoid those allegations, Defendant suggests Plaintiff *may* have been presented with a different version of the cookie banner than the one alleged in the complaint, after her privacy had been previously violated, and that Plaintiff *might* have clicked on a button in that later banner. But that is nowhere in the complaint. It is also untrue.

Third, Defendant's pending motion to dismiss does not support the requested stay because it merely reasserts arguments this Court already rejected in *Walsh v. Dollar Tree Stores, Inc.,* No. 25-cv-01601-SVK, 2025 LX 466484, at *1 (N.D. Cal. Oct. 16, 2025), a case involving substantially identical allegations—i.e., tracking after an express rejection of tracking.

For these reasons, Defendant's administrative motion should be denied.

## II. BACKGROUND

Defendant misstates the record regarding the parties' communications.

Plaintiff expressed flexibility, prior to the opening of discovery, to engage in informal discovery regarding whether Plaintiff agreed to Defendant's Terms of Use ("TOU"). Abugheida Decl., Ex. 1 at 8. Plaintiff also invited Defendant to present her with any evidence it had of actual or constructive notice of the TOU. *Id.*, Ex. 1 at 8–9. Plaintiff further agreed to weigh that evidence and arbitrate if it was conclusive—*e.g.*, a Website purchase or click-wrapped assent such as a rewards program or email list. *See id.*, Ex. 1 at 8. But Defendant refused to engage in this process because its real interest is delay: first, by way of a meritless motion to compel arbitration based on a browsewrap Website it designed (and then changed once it received notice of Plaintiff's claims) and second, by way of a forthcoming motion to stay under *Coinbase, Inc. v. Bielski*, 599 U.S. 736, 747 (2023).

On December 30, 2025, Defendant raised the possibility of staying discovery. Abugheida Decl., Ex. 2. Plaintiff's counsel promptly responded and offered to meet and confer regarding any proposed stay. *Id.* Defendant's counsel did not respond to that offer. *Id.*

On January 13, 2026, in compliance with the Court's scheduling order, Plaintiff reached out to Defendant to schedule the Rule 26(f) conference on or before the applicable deadline. *Id.* ¶ 7. The email stated in the subject line "Penning v. NVIDIA – Rule 26(f) Conference." Thairani Decl., Ex. A. Defendant confirmed its availability for January 23, 2026, and Plaintiff circulated a calendar invitation also titled "Rule 26(f) Conference." *Id.* ¶ 6.

When the parties convened for the scheduled Rule 26(f) Conference, Defendant stated that it objected to conducting the conference and intended to file an administrative motion seeking a stay of discovery. Thairani Decl. ¶ 2–3. Plaintiff's counsel objected that seeking a stay through an administrative motion would be procedurally improper. *Id.* ¶ 3. Defendant's counsel stated it disagreed, noting it would provide an accelerated briefing schedule and that Plaintiff could raise any of its objections with the Court. *Id*. Plaintiff proposed a compromise, explaining that any scheduling concerns could be addressed through reasonable discovery extensions without unnecessary motion practice or judicial involvement or that the issue could be raised during the upcoming case management conference. *Id.* Defendant's counsel repeatedly interrupted Plaintiff's counsel and stated that he was unwilling to consider these options. *Id.*

## III. ARGUMENT

### A. Defendant Fails to Satisfy the *Pacific Lumber* Factors Necessary to Grant a Stay.

In determining whether to grant a protective order to stay discovery pending resolution of dispositive motions, courts first consider the following two factors: (1) whether the pending motion is potentially dispositive of the entire case; and (2) whether the pending dispositive motion can be decided absent additional discovery. *The Pac. Lumber Co. v. Nat'l Union Fire Ins. Co. of Pittsburgh, PA*, 220 F.R.D. 349, 352 (N.D. Cal. 2003) (internal citations omitted). When the Court applies this test, it takes a "'preliminary peek' at the merits of the pending dispositive motion to assess whether a stay is warranted." *In re Nexus 6p Prods. Liab. Litig*., No. 17-cv-2185-BLF, 2017 U.S. Dist. LEXIS 132698, at *1 (N.D. Cal. Aug. 18, 2017) (quoting *Tradebay, LLC v. eBay, Inc*., 278 F.R.D. 597, 602 (D. Nev. 2011)). Even if the *Pacific Lumber* factors are satisfied, the Court may issue a protective order only if, in its discretion, the party seeking a protective order has made a sufficient showing of good cause. *See Smith v. Levine Leichtman Capital Partners, Inc.*, No. C 10-00010 JSW, 2011 U.S. Dist. LEXIS 161425, at *7 (N.D. Cal. Feb. 11, 2011) ("With both factors satisfied under *Pacific Lumber*, the Court considers whether Defendants have demonstrated good cause to stay discovery pursuant to Rule 26(c)(1)."). As Defendant's motion will not dispose of this case and Defendant has not identified any good cause to stay discovery, its motion must be denied.

**1. Defendant's Motion to Compel Arbitration Lacks Merit.**

Defendant's motion to compel arbitration is based on "browsewrap" terms to which Plaintiff never agreed. It is well-established that merely browsing a website does not form a contract; internet agreements are enforceable only where the website "provides reasonably conspicuous notice of the terms" and the user takes some action that "unambiguously manifests his or her assent to those terms." *Berman v. Freedom Fin. Network, LLC*, 30 F.4th 849, 856 (9th Cir. 2022); *see also Nguyen v. Barnes & Noble*, 763 F.3d 1171, 1178–79 (9th Cir. 2014) ("[W]here a website makes its terms of use available via a conspicuous hyperlink on every page of the website but otherwise provides no notice to users nor prompts them to take any affirmative action to demonstrate assent, even close proximity of the hyperlink to relevant buttons users must click on—without more—is insufficient to give rise to constructive notice.").

Plaintiff alleges the specific version of the banner she saw when she visited the website, which did not mention the TOU or state that continued use of the Website constituted agreement to any terms. Compl. ¶ 1. Nor was the TOU ever presented to Plaintiff before she rejected all non-essential cookies. After Plaintiff proceeded to browse the Website, the only hyperlink to the TOU appeared in small font at the bottom of the page, outside the user's natural flow. *See* Thairani Decl., Ex. B. Such a design is insufficient to establish inquiry notice or assent.

Plaintiff visited the website before Defendant implemented the revised banner identified in its arbitration motion. Defendant speculates that Plaintiff *may* have subsequently encountered a revised banner that did refer to the TOU. ECF No. 14 at 14–15. But the Complaint does not allege that Plaintiff saw or interacted with that version of the banner. She did not. Defendant presents no evidence to establish the new banner was presented to Plaintiff, that she agreed to the TOU, and that the TOU somehow governs her prior visit. In sum, Defendant has not come close to carrying its burden to prove that Plaintiff agreed to arbitrate her claims against Defendant.

**2. Defendant's Motion to Dismiss Will Not Be Dispositive.**

This case is very similar to *Walsh*, in which plaintiffs alleged that a website operator presented users with a cookie-consent banner allowing them to reject tracking but nevertheless permitted third-party tracking after users exercised that choice. *See* 2025 LX 466484, at *7. Plaintiff here alleges the same core

conduct: that Defendant represented users could decline cookies, Plaintiff did so, and Defendant nonetheless caused tracking cookies to be downloaded on her computer. Compl. ¶¶ 1–5.

In its motion to dismiss, Defendant reprises the same arguments the defendant raised in *Walsh*, arguing that Plaintiff lacks Article III standing (ECF No. 15 ("Def's MTD") at 13–16); that the common-law privacy and intrusion claims fail because the alleged conduct is not "highly offensive" (*id.* at 20–21); that the CIPA wiretapping claim fails for lack of interception of "contents" (*id.* at 21–23); that California's pen-register statute does not apply to internet communications (*id.* at 23–26); that Plaintiff fails to plead damages, intent, or knowledge of falsity (*id.* at 26–28); and that unjust enrichment is a duplicative claim (*id.* at 28–29). In *Walsh*, the Court rejected these arguments. The Court held that plaintiffs plausibly alleged Article III standing based on loss of privacy, loss of the benefit of their tracking choice, and diminished value of their devices; that plaintiffs had a reasonable expectation of privacy in the data at issue; that plaintiffs sufficiently alleged "highly offensive" conduct; that plaintiffs adequately alleged unlawful use of a pen register; and that plaintiffs' unjust-enrichment theory was adequately pled in the alternative. 2025 LX 466484, at *26–31, 35–58. The Court did, however, dismiss the wiretapping and fraud claims with leave to amend. Accordingly, in *Walsh*, four of plaintiffs' six claims survived dismissal despite materially identical arguments and the case proceeded.

**3. Defendant Cannot Show Good Cause.**

One of the central issues in this case is the data Defendant allegedly collected from Plaintiff and caused to be transmitted to third parties through its Website practices. That evidence is within the control of Defendant and many third parties. The data may be transient in nature, particularly where it involves logs, identifiers, and third-party data flows. Defendant's motion increases the likelihood that relevant information will be overwritten, lost, or become more difficult to reconstruct. By contrast, Defendant's asserted burden is speculative, especially where Plaintiff offered to provide reasonable extensions to discovery as required.

## IV. CONCLUSION

For these reasons, Plaintiff respectfully requests that the Court deny Defendant's Motion to Stay Discovery.

Dated: January 26, 2026

Respectfully submitted,

*/s/ Rajiv V. Thairani*

**GUTRIDE SAFIER LLP**
Seth A. Safier (State Bar No. 197427)
seth@gutridesafier.com
Marie A. McCrary (State Bar No. 262670)
marie@gutridesafier.com
Todd Kennedy (State Bar No. 250267)
todd@gutridesafier.com
Rajiv V. Thairani (State Bar No. 344390)
rajiv@gutridesafier.com
100 Pine Street, Suite 1250
San Francisco, CA 94111
Telephone: (415) 639-9090
Facsimile: (415) 449-6469

*Attorneys for Plaintiff*